UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

DARLENE WHALEY,
an individual

    Plaintiff,

CASE NO:

vs.

KENTUCKY DISTILLERS' ASSOCIATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Darlene Whaley ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Kentucky Distillers' Association, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Eastern District of Kentucky pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Eastern District of Kentucky.

3.    Plaintiff, Darlene Whaley (hereinafter referred to as "Whaley") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA.

Whaley suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is an amputee who requires the use of a wheelchair for mobility. Prior to instituting the instant action, Whaley visited the Defendant's premises at issue in this matter and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Whaley travels to Louisville, Kentucky frequently to visit with friends who reside there and maintains a bank account in Louisville, Kentucky for convenience given the frequency of her visits and continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Kentucky Distillers' Association, is a non-profit corporation registered to do business and, in fact, conducting business in the State of Kentucky. Upon information and belief, Kentucky Distillers' Association (hereinafter referred to as "Kentucky Distillers'") is the owner, lessee and/or operator of the Bourbon Trail Tours which are tours of the following distilleries: the Four Roses Distillery located at 1224 Bonds Mill Road in Lawrenceburg, Kentucky; the Jim Beam Distillery located at 526 Happy Hollow Road in Clermont, Kentucky; the Maker's Mark Distillery located at 3350 Burks Springs Road in Lorreto, Kentucky; the Wild Turkey Distillery located at 1525 Tyrone Road in Lawrenceburg, Kentucky; and the Woodford Reserve Distillery located at 7855 McCracken Pike in Versailles, Kentucky (hereinafter jointly referred to as the "Distilleries").

5. All events giving rise to this lawsuit occurred in the Eastern District of Kentucky.

**COUNT I - VIOLATION OF THE ADA**

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act

2

("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Bourbon Trial Tours owned and/or operated by Kentucky Distilleries' are places of public accommodation in that it provides tours to the named distilleries that are owned and operated by a private entity and that provide goods and services to the public.

8. Defendant, Kentucky Distillers' has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Distilleries in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Distilleries owned and/or operated by Kentucky Distillers. Prior to the filing of this lawsuit, Plaintiff visited the Distilleries at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Distilleries, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Distilleries in violation of the ADA. Whaley has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to

implement the requirements of the ADA 28 C.F.R. Part 36.

11. Kentucky Distilleries' is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

### Four Roses Distillery

(i) The parking space designated as accessible lacks an adjacent access aisle;

(ii) The signage provided at the parking space designated as accessible is too low to be viewed over parked vehicles;

(iii) The parking space designated as accessible contains a steep running slope;

(iv) There is no level landing at the entrance;

(v) The checkout counter in the gift shop is too high for a wheelchair user;

(vi) Accessible signage is not provided on the latch side of the toilet room entry doors;

(vii) The door to the accessible stall in the men's and women's toilet rooms is not a self-closing door;

(viii) The flush valve in the women's accessible toilet stall is on the narrow side of the toilet area;

(ix) The coat hook in the women's accessible toilet stall is too high for a wheelchair user;

(x) The hand sanitizer dispenser in the women's toilet room is too high for a wheelchair user;

### Jim Beam Distillery

(xi) The doors to enter the gift shop toilet rooms are too heavy for a wheelchair user;

(xii) The lavatories in the gift shop toilet rooms are too low for a wheelchair user;

(xiii) An accessible (wheelchair access toilet) stall is not provided in the gift shop toilet rooms;

(xiv) Some of the paths of travel along the tour become ramps that lack

handrails;

Maker's Mark

(xv) The parking spaces designed as accessible lack adjacent access aisles;

(xvi) The signage provided at parking spaces designated as accessible is mounted too low to be viewed over a parked vehicle;

(xvii) A sufficient number of accessible parking spaces is not provided;

(xviii) No accessible parking spaces are provided at the Maker's Mark Café;

(xix) There is no level area at the main entry door;

(xx) The area leading to the door is steep enough to be considered a ramp, however, it lacks handrails;

(xxi) The path of travel throughout the building narrows to less than 32 inches in several locations;

(xxii) The toilet rooms contain the following barriers:

    a. They lack accessible signage;

    b. They contain pedestal lavatories that do not provide sufficient knee and toe clearance for wheelchair users;

    c. The flush valve is on the narrow side of the toilet area;

    d. The toilet paper dispenser is improperly located above the side grab bar;

    e. The toilet seat cover dispenser is too high for a wheelchair user;

    f. Sufficient clear floor space is not provided on the pull side of the door when entering the accessible stall;

    g. Furniture has been placed in the hallway when approaching the toilet room such that it is difficult for a wheelchair user to maneuver into the toilet rooms;

    h. There is a chair located in the accessible stall making it difficult for a wheelchair user to maneuver within the toilet room

(xxiii) There is no level landing provided at the entrance to the Maker's Mark Café;

(xxiv) Accessible seating is not provided within the Maker's Mark Café;

(xxv)      The drink machine in the Maker's Mark Café is too high for a wheelchair user;

(xxvi)      The unisex toilet room provided within the Maker's Mark Café lacks accessible signage;

(xxvii)      Sufficient clear floor space is not provided on the push side of the door to exit the toilet room provided within the Maker's Mark Café;

(xxviii)      The mirror in the toilet room provided within the Maker's Mark Café is too high for a wheelchair user;

(xxix)      The soap and paper towel dispensers in the toilet room provided within the Maker's Mark Café are too high for a wheelchair user;

<u>Wild Turkey Distillery</u>

(xxx)      The parking spaces designated as accessible lack adjacent access aisles;

(xxxi)      The signage provided at parking spaces designated as accessible is mounted too low to be viewed over a parked vehicle;

(xxxii)      The cross slope at the parking spaces designated as accessible is too steep;

(xxxiii)      A level landing is not provided at the entrance;

(xxxiv)      The ramp leading to the entrance lacks edge protection;

(xxxv)      The entry door contains knob type hardware that requires tight grasping, pinching and twisting of the wrist to operate ;

(xxxvi)      The handrails provided at the ramp leading to the accessible parking area are too wide, too low and do not continue onto the level landings provided at the top and bottom of the ramp;

(xxxvii)      The shuttle buses provided at the Wild Turkey Distillery lack lifts so that wheelchair users may not access the tour and are instead segregated and required to follow behind the tour bus in their own vehicles;

(xxxviii)      The checkout counter is too high for a wheelchair user;

(xxxix)      Accessible signage is not provided at the toilet room entry doors;

(xl)      The toilet room entry doors contain knob hardware that requires tight grasping, pinching and twisting of the wrist to operate;

(xli)      Sufficient knee clearance is not provided at the lavatory in the toilet rooms due to the presence of cabinetry;

(xlii)      Grab bars are not provided at the water closet within the toilet rooms;

(xliii)      The hand sanitizer provided within the toilet rooms is too high for a wheelchair user;

(xliv)      The flush valve at the accessible water closet is on the narrow side of the toilet area;

(xlv)      The table provided within the toilet rooms blocks the clear floor space necessary for a wheelchair user;

(xlvi)      The table located between the men's and women's toilet rooms infringes upon the clear floor space to enter the women's toilet room;

<u>Woodford Reserve Distillery</u>

(xlvii)      The parking spaces designated as accessible lack adjacent access aisles;

(xlviii)      The ramp leading to the front entrance lacks handrails on both sides of the ramp;

(xlix)      The single handrail provided on the ramp leading to the front entrance does not extend onto the upper and lower landings;

(l)      Accessible seating is not provided;

(li)      The gift shop counter is too high for a wheelchair user;

(lii)      The "Picnic on the Porch" service counter is too high for a wheelchair user;

(liii)      The accessible toilet stall provided within the toilet rooms is too small for a wheelchair user;

(liv)      The baby changing station is located within the accessible toilet stall within the toilet rooms in an area blocking the necessary maneuvering clearance for a wheelchair user;

(lv)      The flush valve at the accessible water closet is on the narrow side of the toilet stall;

(lvi)      The coat hook within the accessible toilet stall is too high for a wheelchair user.

12.     There are other current barriers to access and violations of the ADA at the Distilleries owned and operated by Kentucky Downs which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36,

§36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Kentucky Downs was required to make its Distilleries, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Kentucky Downs has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Kentucky Downs pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Kentucky Downs, LLC and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake

    and complete corrective procedures;

  D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

  E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 31st day of August 2012.

Respectfully submitted,

        /s/ Edward I. Zwilling
        Edward I. Zwilling, Esq.
        Schwartz Zweben, LLP
        600 Vestavia Parkway, Suite 251
        Birmingham, Alabama 35216
        Telephone: (205) 822-2701
        Facsimile: (205) 822-2702
        Email: ezwilling@szalaw.com


        /s/ Jerry N. Higgins
        Jerry N Higgins, Esquire
        Law Office of Jerry N. Higgins, PLLC
        Kentucky Bar No: 90310
        3426 Paoli Pike
        Floyds Knobs, IN  47119
        (502) 625-3065-Telephone
        (502) 625-7264-Facsimile
        Email: jnh@jerryhigginslaw.com